IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00421-WDM-CBS

ANTHONY W. JACKSON, SR.,
    Plaintiff,
v.

GLAZED INVESTMENTS, LLC,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Jackson's failure to timely serve Defendant or to prosecute this action. Pursuant to the Order of Reference dated March 15, 2007 (doc. # 6), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Jackson submitted the instant action for filing on or about February 23, 2007, alleging discrimination by a former employer on the basis of race in violation of Title VII, 42 U.S.C. § 2000e-2 et seq. (*See* "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (doc. # 1); "Title VII Complaint" (doc. # 3)). The court permitted Mr. Jackson to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915" (doc. # 2)). The court further granted service by the United States Marshal. (*See* doc. # 7).

A Scheduling Conference was set on June 6, 2007 by the court's Order dated March 20, 2007 (doc. # 8). At Mr. Jackson's request, the court continued the Scheduling Conference to June 27, 2007. (*See* docs. # 11 and # 13). The court held the Scheduling Conference on June 27, 2007 at 10:00 a.m. Mr. Jackson appeared. The court advised Mr. Jackson that the U.S. Marshal had been unable to serve Defendant at the address provided by Mr. Jackson. (*See* unexecuted summons (doc. # 10)).

On July 11, 2007, Mr. Jackson provided the court with additional address information for Defendant. (*See* doc. # 16). The court issued a second order granting service by the United States Marshal. (*See* doc. # 18). On August 14, 2007, the court was advised that Defendant could not be served at the address provided by Mr. Jackson. (*See* unexecuted summons and letter (doc. # 21)).

The court held a status conference on September 18, 2007 at 11:30 a.m. Mr. Jackson appeared via telephone. The court advised Mr. Jackson that the U.S. Marshal was once again unable to serve Defendant at the address provided by Mr. Jackson. (*See* Courtroom Minutes/Minute Order (doc. # 23)). Mr. Jackson conceded that he could not further prosecute the case. (*See id.*). The court directed Mr. Jackson to file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) on or before September 24, 2007. (*See* doc. # 23). As of this date, Mr. Jackson has not filed a notice of dismissal.

II.   Analysis

A.   Failure to Timely Serve Defendant

Fed. R. Civ. P. 4(m) provides that

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

As of this date, no proof of service on the Defendant has been filed with the court and

211 days have passed since the filing of the Complaint. Without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). For failure to timely serve the Defendant, this civil action may properly be dismissed without prejudice. This action may also be dismissed without prejudice pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute.

B.   Explanation of Recommendation to Dismiss without Prejudice

The Tenth Circuit Court of Appeals has held that "when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986). Here, the court recommends dismissal without prejudice. However, the statute of limitations may bar refiling upon dismissal, even if the dismissal were stated to be without prejudice.

Mr. Jackson alleges that Defendant discriminated against him based on race (African American) in violation of 42 U.S.C. § 2000e-5 ("Title VII"). (*See* Complaint (doc. # 3)). Unless a Title VII plaintiff files suit within ninety days of receiving a right-to-sue notice from the EEOC, he or she is foreclosed from bringing suit on the allegations made in the EEOC Charge of Discrimination. 42 U.S.C. § 2000e-5(f)(1). *See also Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim filed under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter"). The 90-day time limit starts to run on the date the plaintiff receives the EEOC notice of right to sue. *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999).

The EEOC issued its Dismissal and Notice of Rights to Mr. Jackson on November 24, 2006. (*See* Complaint (doc. # 3) at p. 7 of 10). Mr. Jackson alleges receipt of the EEOC right-to-sue notice on November 24, 2006. (*See* Complaint (doc. # 3) at p. 2 of 10). Mr. Jackson submitted this civil action for filing on Friday, February 23, 2007, 91 days after the EEOC right-to-sue letter was mailed. As Title VII's statute of limitations may bar refiling even upon dismissal without prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the recommended dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1187 (10th Cir. 2002) ("dismissal as a sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under" *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria").

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, there has been no actual prejudice to the Defendant, as it has not yet been served in this action. Second, judicial resources have been expended on setting, resetting, and monitoring this civil action. Third, the record does not reveal that anyone other than Mr. Jackson is culpable for the failure to effect service on the Defendant. While Mr. Jackson was entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication that the U.S. Marshal failed to perform the duty to serve

4

Defendant. The U.S. Marshal made multiple attempts to serve Defendant at the addresses provided by Mr. Jackson. The U.S. Marshal need not search for Defendant's current address. The court has afforded Mr. Jackson sufficient time and the U.S. Marshal has made sufficient efforts to serve Defendant.

Fourth, Fed. R. Civ. P. 4(m) provides sufficient warning that failure to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint, may result in dismissal without prejudice. The court has repeatedly warned Mr. Jackson of the possibility of dismissal for failure to effect service and failure to prosecute this civil action. (*See* Courtroom Minutes/Minute Order (doc. # 15 and doc. 23)). Fifth, there is no lesser sanction available under the circumstances. It would be pointless to impose a financial sanction on Mr. Jackson, who has conceded that he cannot provide an address at which Defendant may be served by the U.S. Marshal and cannot prosecute this lawsuit. (*See* Courtroom Minutes/Minute Order (doc. # 23)).

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendant and pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute this civil action.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C.

§ 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 28th day of September, 2007.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge