IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00421-WDM-CBS

ANTHONY W. JACKSON, SR.,

    Plaintiff,

v.

GLAZED INVESTMENTS, LLC,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer (doc no 25) that this case be dismissed as a result of Plaintiff's failure to timely obtain service of process on the defendant and failure to prosecute. Plaintiff has not objected to the recommendation and is therefore not entitled to *de novo* review. 28 U.S.C. § 636(b).

    I have reviewed the pertinent portions of the record and agree with Magistrate Judge Shaffer that Plaintiff has failed to effect service on Defendant within 120 days of the filing of the complaint, as required by Fed. R. Civ. P. 4(m). Plaintiff has been given ample opportunity to complete service but failed to provide a valid address for Defendant to the U.S. Marshal for service of the summons and complaint. On September 18, 2007, Plaintiff was ordered to file a motion to dismiss but did not do so. D.C.COLO.LCivR 41.1 permits me to dismiss a case where, as here, a litigant fails to show good cause, within the time set, why the case should not be dismissed for lack of prosecution and/or failure to comply

with the court's rules. I agree that dismissal without prejudice is appropriate.

However, because of the statute of limitations, even dismissal without prejudice will most likely bar any further litigation of Plaintiff's claims, Magistrate Judge Shaffer reviewed the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), which apply in these circumstances. I agree with Magistrate Judge Shaffer's analysis of the *Ehrenhaus* factors and conclude that Plaintiff's complaint should be dismissed without prejudice, even though Plaintiff may be barred from refiling the complaint.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued October 1, 2007 (doc no 25), is accepted.
2. This case is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) as a result of Plaintiff's failure to timely serve the defendant and pursuant to D.C.COLO.LCivR 41.1 as a result of Plaintiff's failure to prosecute this case.

DATED at Denver, Colorado, on October 30, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge